*MHH* (handwritten)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MCKINZY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 09 C 4047 |
| v. ) | |
| ) | The Honorable William J. Hibbler |
| UNION PACIFIC RAILROAD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Michael McKinzy frequently sues prospective employers, often targeting railroad companies. In this district alone, McKinzy has filed nine suits (all against railroad companies) in the last 30 months.[1] In each case, McKinzy has attempted to proceed without the pre-payment of filing fees. In addition to the suits McKinzy has filed in this district, between January 2007 and May 2010 he filed sixteen suits in the Western District of Missouri and the District of Kansas. Three of those sixteen suits are against the Defendant here, Union Pacific Railroad. McKinzy's suits follow a predictable pattern. He makes boilerplate allegations that he was qualified for some position with

---

[1] See, *McKinzy v. BNSF Railroad*, 08 C 793 (voluntarily dismissed); *McKinzy v. Canadian Nat'l Railroad*, 08 C 2316 (dismissed for failure to serve); *McKinzy v. Canadian Nat'l Railroad*, 09 C 2723 (*in forma pauperis* application denied and dismissed for failure to pay the filing fee); *McKinzy v. Canadian Nat'l Railroad*, 10 C 2882 (*in forma pauperis* application pending); *McKinzy v. Norfolk Southern Corp.*, 10 C 3048 (*in forma pauperis* application denied and dismissed for failure to pay the filing fee); *McKinzy v. Metra Railroad*, 10 C 4331 (*in forma pauperis application* granted and dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)); *McKinzy v. Amtrak Railroad Co.*, 10 C 4332 (*in forma pauperis application* granted and dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)); and *McKinzy v. CSX Railroad*, 10 C 5005 (*in forma pauperis* application pending).

1

the defendant company and that the company refused to hire him because of his race. His Complaint here is no different. He offers few other details. Union Pacific moves for summary judgment on McKinzy's claims.

McKinzy failed to respond to Union Pacific's Motion for Summary Judgment and so the Court deems him to have admitted the facts contained in Union Pacific's Rule 56.1(a) Statement. Loc. R. 56.1(b)(3); *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809 (7th Cir. 2005). The facts here are simple and straightforward.

McKinzy applied for three positions with Union Pacific. On March 27, 2009, he applied for the position of Diesel Electrician in Chicago, which was posted on Union Pacific's online application process as Requisition #056434 (Def. St. ¶ 17). McKinzy responded "yes" to a question asking whether he had been fired, asked to resign, forced to leave a position, or involuntarily terminated within the past two years, which triggered Union Pacific's online application screening software to automatically reject his application. (Def. St. ¶¶ 18-19).

On September 9, 2009, McKinzy applied for the position of Diesel Mechanic in Chicago, posted as Requisition #056876 at the online application site. (Def. St. ¶ 21). Although McKinzy's application was not automatically rejected by the application software, a "prescreener" reviewed his application materials and rejected the application due to a sporadic work record and large gaps in McKinzy's employment history, which included a gap in employment of nearly four years immediately prior to McKinzy's application. (Def. St. ¶¶ 22-24).

The same day, McKinzy also applied for another Diesel Electrician position in Chicago, posted as Requisition # 056877. (Def. St. ¶ 29). On this application, McKinzy again answered "yes"

to the question regarding involuntary termination within the past two years,[2] again prompting the application software to automatically reject his application. (Def. St. ¶¶ 30-31).

McKinzy's Complaint makes only the barest of allegations. He alleges that Union Pacific did not hire him for these positions because of his race and that it retaliated against him because he had previously filed charges of discrimination against it. He makes no allegations that any Union Pacific employee has ever made any race-related comments to him or even that he has ever met any employee at Union Pacific responsible for making a hiring decision. Similarly, he makes no allegations that any Union Pacific employee responsible for making hiring decisions knows of his prior complaints of discrimination. In short, the only basis in his Complaint for his claims is that he is an African-American who has previously complained about race discrimination who has applied for positions and not been hired. Even if he had made such allegations in his Complaint, his failure to support those claims with admissible evidence in response to Union Pacific's summary judgment motion dooms his claim. *Eberts v. Goderstad*, 569 F.3d 757, 766-67 (7th Cir. 2009) (summary judgment requires responding party to come forward with the evidence that it has).

Even though McKinzy has put forward no evidence or argument in support of his claim, the Court will nonetheless assess whether Union Pacific has put forward sufficient evidence to demonstrate that it is entitled to judgment as a matter of law. McKinzy puts forward no evidence in support of his claim, so clearly his claim cannot survive under the direct method of proving discrimination or retaliation claims. To establish a claim of discrimination in a hiring decision under the indirect method, McKinzy must demonstrate that he is a member of a protected class, that he was

---

[2] McKinzy's answer to this question raises the question of why his answer to the same question for the Diesel Mechanic position, provided on the same day, was "no."

qualified for an open position, that he was rejected for that position, and that the defendant filled the position with someone outside the protected class or left it open. *Hobbs v. City of Chicago*, 574 F.3d 454, 460 (7th Cir. 2009). Similarly, to establish a claim of retaliation in a hiring decision under the indirect method, McKinzy must demonstrate that he engaged in protected activity, that he applied for and was qualified for a position, that he was not hired for the position, and that a similarly situated individual who did not engage in protected activity was hired. *Hasan v. United States Dep't of Labor*, 400 F.3d 1001, 1004 (7th Cir. 2005).

McKinzy's discrimination and retaliation claims fail because he cannot demonstrate that he was qualified for the position for which he applied, a required element of the *prima facie* case of each of his claims. For two of the three positions that McKinzy applied for, he answered that he recently had been involuntarily separated from employment. Union Pacific does not even review applications from persons who, like McKinzy, have been involuntarily separated from employment within two years. Its automated software rejects such applications, and it rejected McKinzy's applications. Union Pacific has put forward evidence to demonstrate that it applied a non-race-based criteria to determine that McKinzy was not qualified for those two open positions. In addition, even though McKinzy falsely answered that he had not been involuntarily separated in the application for the third position, when a Union Pacific official screened McKinzy's application and rejected it based on a nearly four year gap in employment immediately prior to the application. Again, Union Pacific put forward evidence to demonstrate it applied a non-race-based criteria to determine that he was not qualified for the open position. The Court does not sit as a super-personnel department to review Union Pacific's selection criteria. *Stephens v. Erickson*, 569 F.3d 779, 788 (7th Cir. 2009).

4

Because the undisputed evidence demonstrates that McKinzy was not qualified for the positions for which he applied, Union Pacific is entitled to judgment as a matter of law. The Court GRANTS Union Pacific's Motion for Summary Judgment.

A final note is in order. Shortly after filing the motion for summary judgment, Union Pacific moved for sanctions against McKinzy. The Court denied the motion without prejudice, pending its disposition on the summary judgment motion. The Court sees no need to require Union Pacific to refile its motion. McKinzy's claims appear to be frivolous in that they lack any foundation in fact or law. The Federal Rules of Civil Procedure require litigants to ensure that the allegations contained in their complaints are likely to have evidentiary support after a reasonable opportunity for investigation. Fed. R. Civ. P. 11(b)(3). Further, the Rules require litigants to refrain from using litigation to harass another person or organization. Fed. R. Civ. P. 11(b)(1). Even *pro se* litigants are expected to comply with the Federal Rules, including the mandates of Rule 11. *Pearle Vision Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *see also* Fed. R. Civ. P. 11(b) (making rule applicable to unrepresented party who presents pleadings to a court).

In this case, McKinzy had absolutely no evidence and no reason to believe that the decision of Union Pacific not to hire him was made because of his race, for he had never even met an employee at Union Pacific. And yet, this was the third of four lawsuits he has filed against Union Pacific. McKinzy's pattern of litigation demonstrates that he uses litigation as a tool to harass potential employers who have elected not to hire him — he has filed over 20 lawsuits against railroad companies in the last three years, none of which have resulted in a disposition favorable to him.

The Court directs McKinzy to show cause on or before October 1, 2010, why he should not be sanctioned pursuant to Fed. R. Civ. P. 11(c)(3) for filing vexatious and frivolous lawsuits wholly lacking an evidentiary basis. The Court cautions McKinzy that continuous frivolous filings or refusal to pay court-ordered sanctions can lead to restrictions on future litigation. *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

IT IS SO ORDERED.

9/7/10
Dated

Hon. William J. Hibbler
U.S. District Court